1 | ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2 | **SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
3 | San Diego, CA 92101-2079
4 | Telephone: (619) 233-7521
Facsimile:  (619) 233-4516
5 |

FILED

2010 JUN -9 PM 3:42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6 | Attorneys for Plaintiff, Jonathan W. Supler,

7

8

9 | ## UNITED STATES DISTRICT COURT

10 | ## SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| JONATHAN W. SUPLER, an individual, | CASE NO. '10 CV 1233 JAH   POR |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT** |
| ARS NATIONAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES 1 through 10 inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, JONATHAN W. SUPLER ("SUPLER"), by way of Complaint against the Defendants, says:

## I. PARTIES

1.      SUPLER is a natural person.

2.      At all times relevant to this complaint, SUPLER is a citizen of North Carolina and resided in the City of Raleigh, Wake County, North Carolina.

3.      At all times relevant to this complaint, ARS NATIONAL SERVICES, INC. ("ARS NATIONAL") is a for-profit corporation existing pursuant to the laws of the State of California. ARS NATIONAL maintains its principal business address at 960 South Andreasen Drive, Suite B, City of Escondido, San Diego County, California.

-1-

4.     Defendants, JOHN AND JANE DOES 1 through 10 inclusive, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II. JURISDICTION & VENUE

5.     With respect to Plaintiff's claims under the FDCPA, jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

7.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

8.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because all the Defendants reside in the State of California within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. PRELIMINARY STATEMENT

9.     Plaintiff, demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA").

10.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not

-2-

1   competitively disadvantaged, and to promote uniform State action to protect consumers against

2   debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3       11.     The FDCPA is a strict liability statute which provides for actual or statutory

4   damages upon the showing of one violation. The Ninth Circuit has held that whether a debt

5   collector's conduct violates the FDCPA should be judged from the standpoint of the "least

6   sophisticated debtor." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

7       12.     The RFDCPA regulates collection agencies and original creditors attempting to

8   collect debts on their own behalf. The California legislature has determined that the banking and

9   credit system and grantors of credit to consumers are dependent upon the collection of just and

10  owing debts and that unfair or deceptive collection practices undermine the public confidence

11  that is essential to the continued functioning of the banking and credit system and sound

12  extensions of credit to consumers. The California legislature has further determined that there is

13  a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due

14  regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair

15  or deceptive acts or practices.

16      13.     The Plaintiff seeks statutory damages, actual damages, attorney fees, costs, and all

17  other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the

18  FDCPA, RFDCPA, and all other common law or statutory regimes.

19      14.     This case involves money, property, or other equivalent, due or owing or alleged

20  to be due or owing from natural persons by reason of consumer credit transactions. As such, this

21  action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal.

22  Civ. Code § 1788.2(f).

23                      **IV. FACTS CONCERNING PLAINTIFF**

24      15.     Sometime prior to December 3, 2008, SUPLER allegedly incurred a financial

25  obligation to Chase Bank USA, N.A. ("1st Chase Bank Obligation").

26      16.     The 1st Chase Bank Obligation arises out of a transaction in which the money,

27  property, insurance, or services which are the subject of the transaction are primarily for

28  personal, family, or household purposes.

-3-

1    17.    SUPLER was alleged to have defaulted on the 1st Chase Bank Obligation, and it

2    was subsequently assigned, placed, transferred, or sold to ARS NATIONAL for collection.

3    18.    ARS NATIONAL collects, and attempts to collect, debts incurred, or alleged to

4    have been incurred, for personal, family, or household purposes on behalf of creditors using the

5    U.S. Mail, telephone, and Internet.

6    19.    ARS NATIONAL is, at all times relevant to this complaint, engaged in the act

7    and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

8    20.    ARS NATIONAL is, at all times relevant to this complaint, a "debt collector" as

9    defined by 15 U.S.C. § 1692a(6).

10    21.    ARS NATIONAL is, at all times relevant to this complaint, a "debt collector" as

11    defined by Cal. Civ. Code §1788.2(c).

12    22.    On or about December 3, 2008, ARS NATIONAL sent SUPLER a letter in

13    connection with its attempts to collect the 1st Chase Bank Obligation. A true and correct copy of

14    this December 3, 2008, letter is attached as *Exhibit A*.

15    23.    On or about January 5, 2009, ARS NATIONAL sent SUPLER a second letter in

16    connection with its attempts to collect the 1st Chase Bank Obligation. A true and correct copy of

17    this December 3, 2008, letter is attached as *Exhibit B*.

18    24.    *Exhibit A* and *Exhibit B* were both mailed to SUPLER at the same address.

19    25.    Neither *Exhibit A* nor *Exhibit B* was returned to ARS NATIONAL by the U.S.

20    Postal Service as being undeliverable.

21    26.    Beginning in or about December 2008 and continuing thereafter, ARS

22    NATIONAL placed telephone calls to SUPLER and left voice messages for him on his home

23    telephone answering machine in connection with its efforts to collect the 1st Chase Bank

24    Obligation.

25    27.    The telephone messages left for SUPLER by ARS NATIONAL violated the

26    FDCPA.

27    28.    On April 15, 2009, SUPLER filed a class action lawsuit against ARS

28    NATIONAL for its violative telephone messages. That lawsuit was filed in this Court and is

-4-

1  captioned as *Michael P. Koby, et al. v. ARS National Services, Inc.*, S.D. Cal. Case No. 3:09-cv-

2  00780-JAH-JMA ("Koby Lawsuit").

3       29.    The Koby Lawsuit clearly indicates that SUPLER received ARS NATIONAL's

4  telephone voice messages.

5       30.    On April 20, 2009, ARS NATIONAL was personally served with the summons

6  and complaint in the Koby Lawsuit.

7       31.    On May 20, 2009, ARS NATIONAL filed an answer to the complaint in the Koby

8  Lawsuit.

9       32.    In Paragraph 34 and 36 of its answer to the complaint in the Koby Lawsuit, ARS

10  NATIONAL admitted that "it placed telephone calls to Plaintiffs in an attempt to collect the

11  financial obligations at issue."

12       33.    In Paragraphs 35 and 36 of its answer to the complaint in the Koby Lawsuit, ARS

13  NATIONAL admitted that "records reflect that it left at least one message for each plaintiff at

14  the telephone numbers associated with Plaintiffs' accounts."

15       34.    Sometime prior to June 5, 2009, SUPLER allegedly incurred a second financial

16  obligation to Chase Bank USA, N.A. ("2nd Chase Bank Obligation").

17       35.    The 2nd Chase Bank Obligation arises out of a transaction in which the money,

18  property, insurance, or services which are the subject of the transaction are primarily for

19  personal, family, or household purposes.

20       36.    Defendants contend that SUPLER defaulted on the 2nd Chase Bank Obligation.

21       37.    The 2nd Chase Bank Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

22       38.    The 2nd Chase Bank Obligation is a "debt" as defined by Cal. Civ. Code

23  §1788.2(d).

24       39.    SUPLER is, at all times relevant to this complaint, a "consumer" as that term is

25  defined by 15 U.S.C. § 1692a(3).

26       40.    SUPLER is, at all times relevant to this complaint, a "person" as that term is

27  defined by Cal. Civ. Code §1788.2(g).

28  / / /

41.     SUPLER is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

42.     On or about June 5, 2009, ARS NATIONAL sent SUPLER a letter in connection with its attempts to collect the 2nd Chase Bank Obligation. A true and correct copy of this June 5, 2009, letter is attached as *Exhibit C*.

43.     *Exhibit A*, *Exhibit B*, **and** *Exhibit C* were all mailed to SUPLER at the same address.

44.     *Exhibit C* was <u>not</u> returned to ARS NATIONAL by the U.S. Postal Service as being undeliverable.

45.     SUPLER did not receive the June 5, 2009, letter, which is attached as *Exhibit C*, until on or about June 13, 2010.

46.     At no time relevant to this complaint, did SUPLER change his home telephone number, which ARS NATIONAL admitted in the Koby Lawsuit that it already had in its records.

47.     On at least the date of May 20, 2009, ARS NATIONAL was well aware of SUPLER's place of abode and telephone number at such place, or his place of employment.

48.     Notwithstanding the above facts, on June 10, 2009, ARS NATIONAL sent an "Employment Verification" form via facsimile to SUPLER's place of employment. A true and correct copy of this June 10, 2009, "Employment Verification" form is attached as *Exhibit D*.

49.     The "Employment Verification" form, which is attached as *Exhibit D*, was sent by "John Wise" at ARS NATIONAL.

50.     The "Employment Verification" form, which is attached as *Exhibit D*, discloses, *inter alia*, ARS NATIONAL's Account Number: "17496419".

51.     The "Employment Verification" form, which is attached as *Exhibit D*, was addressed to, and received by, SUPLER's office manager, Mark Tau.

52.     Mark Tau did not request that John Wise or anyone else identify ARS NATIONAL by name on the facsimile communication or the "Employment Verification" form.

53.     The "Employment Verification" form, requests that Mark Tau verify that SUPLER is an employee of his company, which is information that ARS NATIONAL is not

1    "location information" as that term is defined by 15 U.S.C. §1692a(7).

2        54.    Mark Tau subsequently provided the "Employment Verification" form, which is

3    attached as *Exhibit D*, to SUPLER.

4        55.    On June 12, 2010, SUPLER contacted ARS NATIONAL via telephone and asked

5    to speak with "John Wise" regarding the "Employment Verification" form that had been sent via

6    facsimile to Mark Tau on June 10, 2009. During this call, SUPLER was informed that John Wise

7    was not working and so the call was routed to another ARS NATIONAL employee who

8    identified himself as "Mr. Osby".

9        56.    During the June 12, 2009, telephone conversation between SUPLER and "Mr.

10    Osby," SUPLER asked why ARS NATIONAL and John Wise were trying to verify his

11    employment. In response, "Mr. Osby" requested that SUPLER provide him with the ARS

12    Reference Number located on the "Employment Verification" form, which SUPLER provided.

13    Mr. Osby then stated to SUPLER that "Chase was getting prepared to file a motion against

14    [SUPLER] and wanted to know if [SUPLER] would be interested in settling the debt. SUPLER

15    was shocked and scared by this statement and not knowing what to say in response, immediately

16    terminated the call. At no point during this conversation did Mr. Osby or ARS NATIONAL

17    disclose that either was a debt collector.

18        57.    Following his conversation with ARS NATIONAL, SUPLER became concerned

19    that ARS NATIONAL and/or Chase Bank USA, N.A. had filed a lawsuit against him and that a

20    motion or some other adverse action would imminently taken against him. As a result, SUPLER

21    was confused and uncertain about his rights to dispute or validate 2nd Chase Bank Obligation

22    that ARS NATIONAL sought to collect from him.

23        58.    On information and belief, ARS NATIONAL does not file lawsuits against

24    consumers in connection with its attempts to collect debts from consumers.

25        59.    Neither ARS NATIONAL nor Chase Bank USA, N.A. has filed any lawsuit to

26    date against SUPLER concerning the 2nd Chase Bank Obligation.

27    ///

28    ///

## V. FDCPA RESTRICTIONS ON THIRD PARTY COMMUNICATIONS

60.     The FDCPA prohibits debt collectors from communicating with most third parties, including the debtor's employer. 15 U.S.C. §1692c(b) provides:

> (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

61.     The FDCPA provides an exception for obtaining "location information," defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. §1692b provides:

> Acquisition of location information [Section 804 of P.L.] Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
>
> > (1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer

62.     The FDCPA does not permit any purported attempt to obtain "location information" if the debt collector already has the items of information identified by the statute as "location information." The Federal Trade Commission has stated:

> *Location information.* Although a debt collector's search for information concerning the consumer's location (provided in § 804) is expressly excepted from the ban on third party contacts, a debt collector may not call third parties under the pretense of gaining information already in his possession.

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1988).

/ / /

/ / /

/ / /

-8-

63.     The FDCPA does not permit a debt collector to contact a debtor's place of employment and request or obtain work phone numbers, names of supervisors or owners of the place of employment, or any information other than that identified in the statute as "location information." The Federal Trade Commission has stated:

> Section 803(7) defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment." This definition includes only residence, home phone number, and place of employment. It does not cover work phone numbers, names of supervisors and their telephone numbers, salaries or dates of paydays.

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50103 (Dec. 13, 1988).

64.     ARS NATIONAL frequently collects debts originally owed to Chase Bank USA, N.A.

65.     On information and belief, when Chase Bank USA, N.A. sends an account to ARS NATIONAL, it transmits it electronically, along with a substantial volume of information from the credit application and other account documents.

66.     On information and belief, the account information transmitted by Chase Bank USA, N.A. to ARS NATIONAL includes the current address and telephone number of the debtor.

67.     On information and belief, Chase Bank USA, N.A. communicates with the debtor until immediately before the account is sent to ARS NATIONAL for collection. Chase Bank USA, N.A. would therefore be aware if the address or telephone information provided to ARS NATIONAL is not current.

68.     On information and belief, ARS NATIONAL checks and confirms the accuracy of the account contact information supplied by Chase Bank USA, N.A. by electronically comparing it to databases such as the postal service's National Change of Address database. This serves to confirm that the information is current and accurate.

/ / /

/ / /

-9-

69. ARS NATIONAL thus has no legitimate purpose or need for obtaining "location information" on Chase Bank USA, N.A. debtors or contacting their places of employment unless and until mail is returned or telephone information is not usable to contact the debtor.

70. At all times relevant to this complaint, ARS NATIONAL knew that it already had accurate information concerning SUPLER's location.

71. ARS NATIONAL's conduct of senfding Mark Tau an "Employment Verification" form harmed SUPLER by undermining his employment relationship with Mr. Tau.

## VI. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

72. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

73. Defendants violated the FDCPA. Defendants' violations with respect to the sending the "Employment Verification" form attached as *Exhibit D* include, but are not limited to, the following:

(a)  Seeking to obtain information from a third-party that is not limited to "location information" in violation of 15 U.S.C. § 1692c(b);

(b)  Identifying, without request, ARS NATIONAL's name to a third-party document in violation of 15 U.S.C. § 1692c(b);

(c)  Sending faxed documents that can be seen by unauthorized persons within the employer's place of business, to the embarrassment and detriment of the debtor in violation of 15 U.S.C. § 1692c(b);

(d)  Sending "verification of employment" documents when Defendant knew where the debtor was located in violation of 15 U.S.C. § 1692c(b); and

(e)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

///
///

-10-

74.     Defendants violated the FDCPA. Defendants' violations with respect to the June 12, 2009, telephone conversation between SUPLER and "Mr. Osby" at ARS NATIONAL include, but are not limited to, the following:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)     Using language the natural consequence of which is to abuse the hearer in violation of 15 U.S.C. § 1692d(2);

(c)     Using false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e;

(d)     Making false threats to take action that was not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(e)     Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning Plaintiff in violation of 15 U.S.C. § 1692e(10);

(f)     Failing to disclose in all oral communications that ARS NATIONAL is a debt collector in violation of 15 U.S.C. §1692e(11); and

(g)     Engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VII.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

75.   Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

76.   Defendants violated the RFDCPA. Defendants' violations with respect to the sending the "Employment Verification" form attached as ***Exhibit D*** include, but are not limited to, the following:

(a)   Communicating with the debtor's employer regarding the debtor's consumer debt when such communication not necessary to the collection of the debt and when the debtor or his attorney has not consented in writing to such communication in violation of Cal. Civ. Code § 1788.12(a);

(b)   Communicating with the debtor by means of a written communication that displays or conveys any information about the consumer debt or the debtor other than the name, address and telephone number of the debtor and the debt collector and which is intended both to be seen by any other person and also to embarrass the debtor in violation of Cal. Civ. Code § 1788.12(d); and

(c)   Engaging in conduct in an attempt to collect a debt from Plaintiff, wherein the Defendant violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiff's First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    77.    Defendants violated the RFDCPA. Defendants' violations with respect to the June

2    12, 2009, telephone conversation between SUPLER and "Mr. Osby" at ARS NATIONAL

3    include, but are not limited to, the following:

4    (a)    Making false representations that a legal proceeding has been, is about to be, or

5    will be instituted unless payment of a consumer debt is made in violation of Cal.

6    Civ. Code § 1788.13(j); and

7    (b)    Engaging in conduct in an attempt to collect a debt from Plaintiff, wherein the

8    Defendant violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in Plaintiff's

9    First Cause of Action and is, therefore, also a violation of Cal. Civ. Code §

10    1788.17.

## VIII.  PRAYER FOR RELIEF

12    78.    WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his

13    favor as follows:

14    A.    **For the FIRST CAUSE OF ACTION**:

15    (i)    An award of the actual damages for SUPLER, in an amount to be determined at

16    trial, pursuant to 15 U.S.C. § 1692k(a)(1);

17    (ii)    An award of the maximum statutory damages for SUPLER pursuant to 15 U.S.C.

18    § 1692k(a)(2)(A);

19    (iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

20    1692k(a)(3); and

21    (iv)    For such other and further relief as may be just and proper.

22    B.    **For the SECOND CAUSE OF ACTION**:

23    (i)    An award of the actual damages for SUPLER, in an amount to be determined at

24    trial, pursuant to Cal. Civ. Code §1788.30(a);

25    (ii)    An award of the maximum statutory damages for SUPLER pursuant to Cal. Civ.

26    Code §1788.30(b);

27    (iii)    Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code

28    §1788.30(c); and

-13-

(iv)    For such other and further relief as may be just and proper.

**SCHROTH & SCHROTH**
Attorneys for Plaintiff, JONATHAN W. SUPLER

DATED: June 9, 2010

By: _RE Schroth Jr._
ROBERT E. SCHROTH, JR, ESQ.
(SBN 212936)


## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

**SCHROTH & SCHROTH**
Attorneys for Plaintiff, JONATHAN W. SUPLER

DATED: June 9, 2010

By: _RE Schroth Jr._
ROBERT E. SCHROTH, JR, ESQ.
(SBN 212936)

-14-

# EXHIBIT "A"

Department # 5996
P.O. Box 1259
Oaks, PA 19456



**ASSOCIATED RECOVERY SYSTEMS**
A DIVISION OF ARS NATIONAL SERVICES, INC.
P.O. BOX 469046
ESCONDIDO, CA 92046-9046
(866) 888-9096 FAX: (866) 422-0765
www.PayARS.com

December 3, 2008

7269 - 2109

JONATHAN W SUPLER
7004 BRECKEN RIDGE AVE
RALEIGH NC 27615-6601

**ACCOUNT IDENTIFICATION**
Re: Chase Bank, USA, N.A.
Account: 4417122372134123
ARS Acct No: 16336853
Balance: $1631.73

Dear Sir/Madam

Please be advised that the above-referenced account has been placed with Associated Recovery Systems for collection.

To discuss payment, contact this office at (866) 888-9096, Monday through Friday, 6:30 a.m. - 8:00 p.m (Pacific Time).

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Matt Snyder
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
(SEE REVERSE SIDE FOR IMPORTANT INFORMATION)
----------------------------- Detach And Return With Payment -----------------------------

BO100 - 16336853
Account:   4417122372134123

Amount Enclosed: $_____

Enclosing this coupon with your payment will
expedite credit to your account.

**NOTICE OF ELECTRONIC CHECK
PROCESSING:**
We reserve the right to process checks electronically
by transmitting the routing, account, and check
number to the bank. By submitting a check, you
authorize us to initiate an electronic debit from your
account. A returned check may be collected
electronically if it is returned for insufficient funds.

Print address/phone changes below
or call (866) 888-9096.

_____
_____
HOME:(___)_____
WORK:(___)_____

Make your check or money order payable to:

**ASSOCIATED RECOVERY SYSTEMS
PO BOX 469048
ESCONDIDO, CA 92046-9048**

BO100

7269 - 2109

# EXHIBIT "B"

Department # 5996
P.O. Box 1259
Oaks, PA 19456



**ASSOCIATED RECOVERY SYSTEMS**
A DIVISION OF ARS NATIONAL SERVICES, INC.
P.O. BOX 469046
ESCONDIDO, CA 92046-9046
(866) 888-9096  FAX: (866) 422-0765
www.PayARS.com

January 5, 2009

JONATHAN W SUPLER
7004 BRECKEN RIDGE AVE
RALEIGH NC 27615-6601

7266-140

**ACCOUNT IDENTIFICATION**
Re: Chase Bank, USA, N.A.
Account: 4417122372134123
ARS Acct No: 16336853
Balance: $1631.73

**TAX SEASON OFFER**
**Take advantage of your tax refund and pay off your debt once and for all!**

To resolve your delinquent account, please choose one of the following options:

1. SETTLE YOUR ACCOUNT AT 50% OF THE ABOVE BALANCE IN ONE PAYMENT:
   Payment Due:     $815.87 due on or before 01-25-2009.

2. SETTLE YOUR ACCOUNT AT 55% OF THE ABOVE BALANCE IN TWO INSTALLMENTS:
   Payment One:     $448.73 due on or before 01-25-2009.
   Payment Two:     $448.72 due on or before 02-24-2009.

3. SETTLE YOUR ACCOUNT AT 60% OF THE ABOVE BALANCE IN THREE INSTALLMENTS:
   Payment One:     $326.35 due on or before 01-25-2009.
   Payment Two:     $326.35 due on or before 02-24-2009.
   Payment Three:   $326.34 due on or before 03-26-2009.

Contact your account representative at (866) 888-9096 for details.  Office hours are Monday through Friday, 6:30 a.m. - 8:00 p.m (Pacific Time).  After receipt of your final payment, Chase Bank, USA, N.A. will notify a national credit bureau that you have resolved your account.  Our client is required to file form 1099C with the IRS for any forgiveness of $600 or more.

Sincerely,

Mike Maggiulli X3697
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
[SEE REVERSE SIDE FOR IMPORTANT INFORMATION]



6CH460

7266-140

# EXHIBIT "C"

Department # 5996
P.O. Box 1259
Oaks, PA 19456



**ASSOCIATED RECOVERY SYSTEMS**
A DIVISION OF ARS NATIONAL SERVICES, INC.
P.O. BOX 469046
ESCONDIDO, CA 92046-9046
(800) 232-1258  FAX: (866) 422-0765
**www.PayARS.com**

June 5, 2009

7250 - 6332

JON W SUPLER
7004 BRECKEN RIDGE AVE
RALEIGH NC 27615-6601

**ACCOUNT IDENTIFICATION**
Re: Chase Bank, USA, N.A.
Account: 4640182039496215
ARS Acct No: 17496419
Balance: $6472.19

Dear Sir/Madam

Please be advised that the above-referenced account has been placed with Associated Recovery Systems for collection.

To discuss payment, contact this office at (800) 232-1258, Monday through Friday, 6:30 a.m. - 8:00 p.m (Pacific Time).

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

JOAN CONTRERAS
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(SEE REVERSE SIDE FOR IMPORTANT INFORMATION)
Detach And Return With Payment

BO100 - 17496419
Account:   4640182039496215

Print address/phone changes below
or call (800) 232-1258.

_____

Amount Enclosed: $_____

HOME:(____)_____
WORK:(____)_____

Enclosing this coupon with your payment will
expedite credit to your account.

**NOTICE OF ELECTRONIC CHECK PROCESSING:**
We reserve the right to process checks electronically
by transmitting the routing, account, and check
number to the bank. By submitting a check, you
authorize us to initiate an electronic debit from your
account. A returned check may be collected
electronically if it is returned for insufficient funds.

Make your check or money order payable to:

**ASSOCIATED RECOVERY SYSTEMS**
PO BOX 469046
ESCONDIDO, CA 92046-9046



BO100

7250 - 6332



# EXHIBIT "D"

JUN-10-2009 11:42 From:                              To:19196761173              P.1/2



**ARS NATIONAL SERVICES, INC.**
960 S. Andreasen Dr. Ste B., Escondido, CA 92029


ATTENTION:         MARK

COMPANY:           RESIDENTAL CONSTRUCTION

FAX NUMBER:        919-676-1173

--------------------------------------------------

FROM:       John Wise. ext. 1029

ARS NATIONAL SERVICES, INC.


<u>THIS MESSAGE IS PERSONAL AND CONFIDENTIAL</u>

    The information contained in this facsimile is privileged
confidential information and is intended only for the use of the
individual or entity named above. If the reader of this message
is not the intended recipient, or the employee or agent authorized to
deliver it to the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication is strictly
prohibited. If you have received this communication in error, please notify us
by telephone at (800) 456-5053 and return the original of this document
to us via U.S. Postal Service. Thank You.


v0817496419

JUN-10-2009 11:42 From:                          To:1919616173          P.2/2



**ARS NATIONAL SERVICES, INC.**
960 S. Andreasen Dr. Ste B. Escondido, CA 92029

**ATTENTION:**        MARK

**RE:**        Verification of Employment

**EMPLOYEE:**        JON SUPLER

Please verify that the above-referenced individual is an employee of your company by providing the following information:

Home Address: _____

_____

Home Phone Number: _____

Employer Address: _____

_____

Please fax the completed form to (760)735-6106. Should you have any questions, please do not hesitate to contact me at (800)456-5053. Thank you for your cooperation

Sincerely,

John Wise, ext. 1029
ARS National Services, Inc.

17496419

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JONATHAN W. SUPLER

## DEFENDANTS
ARS NATIONAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES 1 through 10 inclusive

FILED

2010 JUN -9 PM 3:49

**(b)** County of Residence of First Listed Plaintiff **Wake (North Carolina)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'10 CV 1233 JAH POR**

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SCHROTH & SCHROTH, 2044 First Avenue, Suite 200, San Diego, CA 92101; (619) 233-7521

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| 1  U.S. Government Plaintiff | **X** 3  Federal Question (U.S. Government Not a Party) |
| 2  U.S. Government Defendant | 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | **X** 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | IMMIGRATION | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | 462 Naturalization Application | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | 463 Habeas Corpus - Alien Detainee | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

**X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multidistrict Litigation | 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.

Brief description of cause:
Complaint for violations of the federal and California Fair Debt Collection Practices Acts

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 10,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes   No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
06/09/2010

SIGNATURE OF ATTORNEY OF RECORD
R E Schroth Jr.

FOR OFFICE USE ONLY

RECEIPT # 14438   AMOUNT $350   APPLYING IFP no 6/9/10   JUDGE _____   MAG. JUDGE _____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014438
Cashier ID: kdelabar
Transaction Date: 06/09/2010
Payer Name: ROBERT SCHROTH
-----------------------------------
CIVIL FILING FEE
 For: SUPLER V. ARS, ET AL
 Case/Party: D-CAS-3-10-CV-001233-001
 Amount:      $350.00
PAPER COPIES
 For: SUPLER V. ARS, ET AL
 Amount:      $1.50
-----------------------------------
CHECK
 Check/Money Order Num: 5009
 Amt Tendered:  $351.50
-----------------------------------
Total Due:      $351.50
Total Tendered: $351.50
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```